IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:11CR176(1) |
| | § | |
| DEMONT M. HERROD | § | |

**MEMORANDUM OPINION, ORDER AND REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

On April 11, 2013, the Court held a hearing on Defendant's *Pro Se* Omnibus Motion to Dismiss Counsel (Dkt. 65), which seeks both discharge of his retained counsel and withdrawal of Defendant's guilty plea, and counsel's Motion to Withdraw (Dkt. 66), the matters having been referred to the undersigned by the Honorable Richard A. Schell (*see* Dkt. 67).

At the hearing, Defendant's counsel explained that Defendant became dissatisfied with his counsel after receiving the pre-sentence report in this case. Counsel stated that, based on this dissatisfaction, there were irreconcilable differences between them and he therefore sought withdrawal. The materials filed by Defendant similarly request counsel's withdrawal. Having heard the argument of counsel, Counsel's Motion to Withdraw (**Dkt. 66**) is **GRANTED**, and Kobby T. Warren is hereby discharged as counsel for Defendant in this matter.

With counsel withdrawn, Defendant requested to represent himself in this matter. As the Fifth Circuit has noted:

> A defendant has a right to represent himself at trial. *Faretta,* 95 S.Ct. at 2532. An impermissible denial of self-representation cannot be harmless. *United States v. Cano,* 519 F.3d 512, 516 (5th Cir. 2008). The defendant must knowingly and

1

> intelligently forego his right to counsel, and must clearly and unequivocally request to proceed *pro se*. *Id.* If the right to counsel is to be waived, the trial court must conduct a *Faretta* hearing, cautioning the defendant about the dangers of self-representation and establishing, on the record, that the defendant makes a knowing and voluntary choice. *Id.* Nevertheless, the defendant may waive his right to self-representation through subsequent conduct indicating an abandonment of the request. *Id.* There is no constitutional right to hybrid representations whereby the defendant and his attorney act as co-counsel. *Id.*

*U.S. v. Long*, 597 F.3d 720, 723-24 (5th Cir. 2010). At the hearing, Defendant was reminded of his right to court-appointed counsel. Defendant was also cautioned about the dangers of self-representation. Defendant acknowledged his awareness of those rights, and he stated that he still wished to represent himself. The Court finds that he knowingly and voluntarily invoked his constitutional right to self-representation and clearly requested to proceed without counsel.

Defendant is cautioned that any obstructionist conduct may result in the appointment of counsel on his behalf. *See U.S. v. Long,* 597 F.3d 720, 726 (5th Cir. 2010) ("the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct."). Defendant's motion should be granted without prejudice to Defendant subsequently petitioning the Court for appointment of counsel upon a determination that he no longer wishes to proceed without advice of counsel. Until then, he should be permitted to proceed *pro se* in this matter.

Next, the Court turns to Defendant's request to withdraw his guilty plea, given to the undersigned on June 21, 2012 and adopted by the District Judge on June 28, 2013. *See* Dkts. 41-55. To determine whether a defendant may withdraw a plea of guilty prior to sentencing, this Court must look at the following factors: (1) whether the defendant has asserted his innocence; (2) whether the

government would suffer prejudice if the withdrawal motion were granted; (3) whether the defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *U.S. v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). After hearing the evidence presented and the arguments of counsel and Defendant and reviewing the record before it, the Court finds that the *Carr* factors do not weigh in Defendant's favor.

At the hearing on the motion, Defendant stated he would not consent to the hearing before the Magistrate Judge, despite the referral of the matter. Defendant was given an opportunity to articulate any grounds for withdrawal under the *Carr* factors but declined to do so at the hearing. The Government argued that, because Defendant declined to participate in the hearing, he had not sustained his burden in showing the *Carr* factors. The Government continued by arguing that nothing in the record indicated an assertion of factual innocence by Defendant.

The Court notes that in taking Defendant's plea, the Court required Defendant to sign a "Consent to Administration of Guilty Plea and Fed. R. Crim. P. 11 Allocution by United States Magistrate Judge," Docket Entry 46 on the record herein, which incorporates Rule 11's requirements for plea proceedings. The consent, signed by Defendant, specifically states that he understands his rights and that his sentence may be greater or lesser than the recommended guideline range and that any estimate as to his possible range of punishment was only an estimate and may be subject to other factors. *See* Dkt. 46. Defendant also signed his plea agreement. *See* Dkt. 48. The Court further

addressed orally with Defendant during the plea hearing his right to maintain a plea of not guilty, to present evidence and to proceed with a trial. This Court warned Defendant of the consequences of pleading guilty at his plea hearing. "Reviewing courts give great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). There is nothing on the record that would indicate that Defendant's plea was not knowingly and voluntarily entered into, as required by *Carr*.

Further, the facts in the record indicate that no *Carr* factors weigh in Defendant's favor. Defendant's motion was filed approximately nine months after he gave his guilty plea, and it appears to the Court that Defendant only sought the withdrawal of his counsel and his plea after his received his pre-sentence report. At the time he gave his plea, he had the assistance of retained counsel of his choice, and the Court finds that the withdrawal would waste Government and judicial resources and, given Defendant's refusal to present any substantive arguments to the Magistrate Judge, waste judicial resources. There is simply nothing before the Court that would warrant the recommendation that his plea be withdrawn.

## RECOMMENDATION

The Court recommends that the District Court **GRANT** Defendant's *Pro Se* Omnibus Motion to Dismiss Counsel (**Dkt. 65**) as to Defendant's request to proceed *pro se* and **DENY** the motion as to Defendant's motion to withdraw his plea. Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within the time period set forth above shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

*The Clerk of Court is directed to provide a copy of this report to the U.S. Marshal Service who shall immediately serve a copy on Defendant where he is currently housed. The U.S. Marshal Service shall notify the Court of the date of service of the report, and Defendant shall immediately provide the Clerk of Court with his address for service. As long as he remains pro se, Defendant shall ensure this address stays updated throughout the pendency of his suit.*

**SIGNED this 25th day of April, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE